

December 22, 2020

**Lindsay Kalick**
914.872.7696(direct)
Lindsay.Kalick@wilsonelser.com

**VIA ECF**
Honorable Brian M. Cogan
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**LETTER MOTION FOR**
**EXTENSION OF DISCOVERY**

Re:  *Kenneth Marin v. American Red Cross in Greater New York and John Doe*
Docket No.   :   1:20-cv-04625-BMC
Our File No. :   19178.00016

Dear Judge Cogan:

Our office represents the defendants, American Red Cross and James Lear (sued as John Doe), in the above-referenced matter.  Please allow this letter to serve as a joint request for an extension of time to complete discovery for the reasons specified below.

We are mindful of your Honor's position about extensions to complete discovery in civil cases. However, new information about plaintiff's prior and current medical condition recently came to light and, given its relevance to plaintiff's personal injury claims in this case, we now need discovery that was not previously provided. We have discussed the outstanding discovery with plaintiff's counsel, who has agreed to provide it, but we are concerned that we will not have the opportunity to obtain all relevant and material records before plaintiff's deposition (currently scheduled for January 12, 2021) and the deadline for completion of discovery. As of today, a number of authorizations remain outstanding and the authorizations related to plaintiff's prior medical conditions of lupus and renal failure were just provided on Friday, December 18, 2020.

Specifically, plaintiff claims that he sustained back and knee injuries as a result of the November 4, 2019 motor vehicle accident that is the subject of this lawsuit.  Plaintiff's counsel provided authorizations for treatment following said accident soon after the Initial Conference and our office processed said authorizations (with subpoenas) at the end of October.  On November 9, 2020, after reviewing ISOClaims Search results that referenced plaintiff's involvement in numerous other accidents, our office served plaintiff with a supplemental demand for 16 authorizations.  Plaintiff's counsel provided a *partial* response on November 25, 2020 at approximately 5:00 p.m. (i.e. the night before Thanksgiving). Our office served those authorizations, by subpoena, on or about November 30, 2020, and, on December 2, 2020, advised plaintiff's counsel of 9 items of discovery

150 East 42nd Street | New York, NY 10017 | p 212.490.3000 | f 212.490.3038 | wilsonelser.com

Albany, NY | Atlanta, GA | Baltimore, MD | Beaumont, TX | Birmingham, AL | Boston, MA | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI
Edwardsville, IL | Florham Park, NJ | Garden City, NY | Hartford, CT | Houston, TX | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA
Louisville, KY | McLean, VA | Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orlando, FL | Philadelphia, PA
Phoenix, AZ | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | Washington, DC | Wellington, FL | White Plains, NY

11383218v.1

that remained outstanding.[1]  Plaintiff provided some additional authorizations on December 11, 2020, which were served, by subpoena, contemporaneously upon receipt.

As plaintiff's medical records started to trickle in, our office learned that he had a lumbar spine surgery 9 years before the subject accident and has also suffered from lupus and renal failure (necessitating dialysis 3 times per week) for years.  One of his doctors, Hank Ross, addressed the effect his lupus could have on his back and knee.  When we learned this information, we had a teleconference with plaintiff's counsel, who agreed to provide authorizations for medical treatment related to these prior medical conditions.  We memorialized our demand in an e-mail, dated December 16, 2020, and on December 18, 2020, we received some of the authorizations.  At that time, we were also advised, for the first time, that plaintiff receives disability benefits from the Social Security Administration and that he is a Medicare recipient. Clearly, this information is relevant and material to the defense of a personal injury case.  Not only are they collateral sources that may have paid for medical treatment related to the subject incident, but plaintiff's disability file will obviously speak to his medical condition and activities and/or work that he can or cannot do *unrelated* to the subject accident, and his Medicare records will reference treatment he has had related to his prior medical conditions and the subject accident.  These records are material and necessary to defend this action as plaintiff claims that this accident caused him to sustain injuries that are permanent and limiting, and have an impact on his daily life.

While we have now processed the authorizations related to lupus and renal failure, it is imperative that we have them before a deposition, and a number of authorizations *still* remain outstanding.  On December 18, 2020, we were also advised by plaintiff's counsel that his client was currently admitted to the hospital for a surgery (not related to the current accident) for his kidney condition and once he is discharged, counsel will find out (a) about the doctor who prescribed Klonopin to provide an authorization, (b) provide a more clear copy of Plaintiff's driver's license, and (c) provide a Medicare and Medicaid authorization, which have not yet been provided.  In addition, plaintiff previously claimed he did not know the name of the surgeon who performed his lumbar spine surgery 9 years ago or any treatment provider connected with said treatment.  Yesterday, our office received records that note his surgeon was "Dr. Eisenberg" on Long Island, and that he treated at a physical therapy facility on "96th and Woodhaven" near his home.  We now need those authorizations and plaintiff's counsel agreed to provide them.

Your Honor adopted the joint Scheduling Order/Civil Case Management Plan dated October 29, 2020 [Document 12] submitted by the parties.  In light of the aforementioned developments, the parties now request a 45-day extension of all deadlines set forth in said Order, other than joinder of additional parties and the deadline for the filing of amended pleadings without leave of the Court, as follows:

- The deadline for non-expert discovery is extended from January 27, 2021 to March 8, 2021;

---

[1] To the extent your Honor would like copies of the correspondence between parties memorializing the outstanding discovery, we will certainly provide them.  We do not want to overburden the Court with each email to/from plaintiff's counsel and believe the information here provides an overview of the timeline of exchange of discovery (and key authorizations that remain outstanding), which serves as the basis for our request.



- 3 -

- Responses to Demands for Production to be completed by January 8, 2021;

- The deadline for party depositions is extended from January 15, 2021 to March 2, 2021;

- The deadline for non-party depositions is extended from January 27, 2021 to March 15, 2021;

- The deadline for defense medical examination(s) is extended from January 27, 2021 to March 15, 2021;

- The deadline for expert disclosure is extended from March 10, 2021 to April 23, 2021;

- The deadline for rebuttal expert disclosure (if applicable) is extended from April 10, 2021 to May 25, 2021;

- The deadline for expert depositions is extended from May 10, 2021 to June 24, 2021.

There have been no prior requests for an adjournment or extension.

Please feel free to contact the parties if there are any questions of if any further information is needed.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*Lindsay Kalick*

Lindsay Kalick

Via ECF:    Jusun Yook: jy@andrewparkpc.com. Jusun6@gmail.com
            Andrew Park: iandrewnyc@yahoo.com